**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**GARY FLUTE, SR.,** )
)
       **Plaintiff,** )
)
**vs.** )    **CIVIL NO. 08-cv-484-MJR**
)
**J. RUEHLING,** *et al.*, )
)
       **Defendants.** )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a federal inmate at the United States Penitentiary located in Marion, Illinois (USP-Marion), brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)

**THE COMPLAINT**

Plaintiff's original complaint consists of forty-eight typewritten pages (double-spaced) with 226 pages of attached exhibits. Plaintiff has also filed a supplement to his complaint consisting of twenty-two pages of exhibits. At this point, the Court would normally summarize the factual allegations and claims asserted in the complaint. In this case, however, the Court is unable to provide a summary of the complaint. Although Plaintiff's complaint is legible and his prose is comprehensible, the complaint asserts few (if any) facts. For the most part, the complaint consists of Plaintiff's exposition on various legal points and theories - at times bordering on "stream of consciousness." The following excerpt is an example:

> Furthermore, in 1905, the Supreme Court held that Indians who had been granted United States Citizenship could not participate in federal Indian programs, which were intended, the Court said, for noncitizens. See **In re Heff**, 197 U.S. 488 (1905).
>
> Eleven years later, the Court reversed that decision. See **United States v. Nice**, 241 U.S. 591 (1916). Wherein it established and it is now settled that an Indian can be both a citizen of the United States and a member of an Indian tribe and have all the benefits and obligations that arise out of that dual status.

Plaintiff's Complaint, pg. 20. Plaintiff goes on to state:

> Your honor, there is a dual-sovereignty issue and interest that must be taken into consideration here, due to the fact that I am here under the color of law and in direct violation of the United States Constitution and the laws thereof; Which is not specifically at issue here, for this is not a treaty violation claim nor is it lack of subject-matter jurisdiction claim; and these Executive Branch individuals of the BOP abuses their very limited and delegated authority here and this action is just an exercising of my rights. See Affidavit in Support; along with the enclosed (EXHIBITS), where these individuals refuse to abide by their fiduciary duties.

Plaintiff's Complaint, pg. 21. The only facts the Court can glean from the complaint are: (1) Plaintiff is a Native American Indian; (2) he was transferred to USP-Marion from the USP-

McCready located in Kentucky; and (3) he has a girlfriend.

As for his claims, Plaintiff asserts (1) that certain personal property was taken from him; (2) he believes he was unlawfully convicted; and (3) that prison officials are "obstructing justice" by preventing him from establishing that his conviction is unlawful. Plaintiff seeks relief for violations of his First, Fifth, and Eighth Amendment rights.

**DISCUSSION**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(d)(1) states that "[e]ach allegation of a pleading shall be simple, concise, and direct." As explained by the Seventh Circuit:

> The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994). Try as this Court might, the undersigned cannot discern whether a valid claim is alleged or, if so, what it is.

More problematic, the complaint nowhere states what each named Defendant is alleged to have done (or failed to do). Merely invoking the name of a potential defendant is not sufficient to

3

state a claim against that individual. *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("a plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiffs, even those proceeding pro se for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are still required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Because Plaintiff's complaint fails to associate specific defendants with specific claims, the complaint fails to state a claim upon which relief may be granted.

## DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are now MOOT. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**DATED this 18th day of March, 2009.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

4